UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:19-cr-486-VMC-AEP

ROBERTO TOLENTINO

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Roberto Tolentino's pro se Motion for Compassionate Release (Doc. # 47), filed on November 19, 2021. The United States responded on December 1, 2021. (Doc. # 50). For the reasons set forth below, the Motion is denied.

**I.   Background**

In July 2020, the Court sentenced Tolentino to 21 months' imprisonment after he pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine. (Doc. # 38). Tolentino is 34 years old and is projected to be released on June 17, 2022.[1]

In the Motion, Tolentino seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, "to assist his wife with her medical

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

needs, for the growing tumor on her brain stem." (Doc. # 47 at 2). Tolentino alleges that his wife[2] suffers from severe migraines, is losing her hearing, and suffers from anemia. (Id. at 4). Her health causes her to struggle in caring for their minor children. (Id.). The United States has responded (Doc. # 50), and the Motion is now ripe for review.[3]

II. **Discussion**

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Tolentino argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a

---

[2] According to Tolentino's Presentence Investigation Report, he has been in a relationship with Anny Rodriguez – whom Tolentino calls his "wife" – since 2007. (Doc. # 28 at ¶ 54). Tolentino and Rodriguez have two children together. (Id.).

[3] Tolentino also impermissibly filed a reply brief without leave from the Court. (Doc. # 51). Although it is not required to do so, the Court read and considered the reply in the interest of fairness.

> reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the government argues that, even if Tolentino has exhausted his administrative remedies, the Motion should be denied because Tolentino has not demonstrated extraordinary and compelling reasons to warrant compassionate release. (Doc. # 50 at 2-3). The Court agrees.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death or incapacitation of the caregiver of the defendant's minor children or the incapacitation of defendant's spouse when defendant would be the only available

caregiver for the spouse. USSG § 1B1.13, comment. (n.1). Tolentino bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Tolentino has not met his burden of demonstrating "extraordinary and compelling reasons" warranting release. Although the Court is sympathetic to Ms. Rodriguez's health issues, Tolentino does not claim that she has died, has a terminal diagnosis, or is incapacitated such that she is incapable of caring for the children, as discussed in the relevant commentary to U.S.S.G. § 1B1.13. Furthermore, even assuming that Ms. Rodriguez is or soon will be incapacitated, the commentary contemplates that the defendant be the only prospective caregiver, something Tolentino has not demonstrated. Accordingly, Tolentino is not eligible for relief. See United States v. Mullan, No. 8:19-cr-432-VMC-CPT, 2020 WL 7425272, at *2 (M.D. Fla. Dec. 18, 2020) (denying motion for compassionate release where defendant had not demonstrated that children's caregiver's illness had rendered her incapacitated); see also United States v. Sam, No. 17-83, 2020 WL 3415771, at *3 (E.D. La. June 22, 2020) (denying

4

a motion for compassionate release because the defendant did not offer any evidence that the caregiver's sickness left her "currently unable to care for the children").

Tolentino also attempts to argue that he has demonstrated extraordinary and compelling reasons under Application Note 1(D) as a sort of "catch-all" category. But the Eleventh Circuit has rejected this approach. See United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public, reflects the seriousness of the crime, and promotes deterrence. The nature and circumstances of this case involved the defendant brokering a cocaine transaction with – unbeknownst to him – a confidential informant. (Doc. # 28 at ¶¶ 14-17). What's more, Tolentino received a sentence of less than two years, and he has served only six months of it. Accordingly, the Court finds that granting the requested relief would significantly undermine the statutory purposes of sentencing.

5

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Roberto Tolentino's pro se Motion for Compassionate Release (Doc. # 47) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of January, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE